```
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

JACQUELINE D. KENNEDY,

                    Plaintiff,          1:16-cv-00855-MAT
         -v-                            DECISION AND ORDER

NANCY A. BERRYHILL,
Acting Commissioner OF Social Security,

                    Defendant.
_____
```

## INTRODUCTION

Jacqueline D. Kennedy ("Plaintiff"), represented by counsel, brings this action under Title XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner" or "Defendant"), denying her application for supplemental security income ("SSI"). The Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion is granted to the extent that the matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

## PROCEDURAL BACKGROUND

On December 7, 2012, Plaintiff protectively filed for SSI, alleging disability beginning January 1, 2010. Administrative Transcript ("T.") 55-56. The claim was initially denied on May 17, 2013, and Plaintiff timely requested a hearing. T. 70-84. On

September 9, 2014, a hearing was conducted in Buffalo, New York by administrative law judge ("ALJ") Eric Glazer. T. 27-49. Plaintiff appeared with her attorney and testified. *Id*.

The ALJ issued a partially favorable decision on February 15, 2015, finding that Plaintiff had been disabled for a closed period from April 26, 2012 through August 21, 2014. T. 6-21. The ALJ further found that beginning August 22, 2014, Plaintiff experienced medical improvement and from that point forward, was no longer disabled. T. 18-21. Plaintiff timely requested review of the ALJ's decision by the Appeals' Council. T. 5. The Appeals Council denied Plaintiff's request for review on September 12, 2016, making the ALJ's decision the final decision of the Commissioner. T. 1-5. Plaintiff then timely commenced this action.

## THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. *See* 20 C.F.R. § 404.1520(a). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. T. 13.

At step two, the ALJ determined that from April 26, 2012 forward, Plaintiff suffered from the "severe" impairments of breast cancer and carpal tunnel syndrome. T. 13.

At step three, the ALJ found that for a closed period from April 26, 2012 to August 21, 2014, Plaintiff did not have an impairment or combination of impairments that met or medically

2

equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. T. 13.

Before proceeding to step four, the ALJ assessed Plaintiff as having the residual functional capacity ("RFC"), during the closed period from April 26, 2012 to August 21, 2014, to perform sedentary work as defined in 20 C.F.R. 416.967(a), with the following additional limitations: can lift and carry less than ten pounds; sit six hours, stand two hours, and walk two hours; never reach overhead with both upper extremities; limited to handling (gross manipulation), fingering (fine manipulation), and feeling for one-sixth of a work shift; can occasionally climb ramps, stairs, ladders, and scaffolds; can never stoop, kneel, crouch, or crawl; limited to reading ordinary newspaper or book print; and would be absent twice a month at two hours each for pre-arranged clinical chemotherapy provider appointments, including vicinity travel to and from work site. T. 14.

At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work during the closed period from April 26, 2012 to August 21, 2014. T. 17.

At step five, the ALJ relied on the Medical-Vocational Guidelines in 20 C.F.R. Part 404, Subpart P, Appendix 2, to determine that, taking into account Plaintiff's age, education, work experience, and RFC, there were no jobs that existed in significant numbers in the national economy that Plaintiff could have performed during the closed period. *Id*. Accordingly, the ALJ

3

found that Plaintiff was disabled from April 26, 2012 through August 21, 2014. T. 18.

In finding that Plaintiff was no longer disabled as of August 22, 2014, the ALJ purported to adhere to the eight-step evaluation process to determine if Plaintiff's disability continued. *See* 20 C.F.R. § 416.994(b)(5).

At step one, the ALJ found that beginning August 22, 2014, Plaintiff did not have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. T. 18.

At step two, the ALJ found there was medical improvement as of August 22, 2014. *Id.* At steps three and five, the ALJ found that Plaintiff's medical improvement was related to her ability to work and that Plaintiff now had a new RFC to perform the full range of light work as defined in the regulation. T. 18-19. At step six, the ALJ found that Plaintiff's past relevant work as a waitress and housekeeper did not require the performance of work-related activities precluded by her new RFC. T. 20. Accordingly, the ALJ found that Plaintiff's disability had ended. However, he continued on to step seven, and found that considering Plaintiff's age, education, work experience, and RFC, there was also other work Plaintiff was capable of performing in the national economy, further supporting his finding that Plaintiff's disability ended August 22, 2014. T. 20-21.

**SCOPE OF REVIEW**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). The district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. *See* 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (quotation omitted). The reviewing court nevertheless must scrutinize the whole record and examine evidence that supports or detracts from both sides. *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

**DISCUSSION**

Plaintiff contends that remand of this matter is warranted for the following reasons: (1) the ALJ failed to properly evaluate whether Plaintiff's medically determinable impairments of

5

rheumatoid arthritis, sensory motor neuropathy, back pain, and femur fracture requiring surgery were severe; (2) the ALJ improperly found there was medical improvement on August 22, 2014; and (3) the ALJ failed to properly evaluate Plaintiff's RFC.

For the reasons discussed below, the Court finds the ALJ failed to support with substantial evidence his finding of medical improvement as of August 22, 2014. Accordingly, remand of this matter is warranted for further administrative proceedings.

**I. The ALJ's Finding of Medical Improvement was Not Supported by Substantial Evidence**

**A. Legal Standard for Determining Medical Improvement**

Recipients of disability benefits must be evaluated periodically to determine if there "has been any medical improvement in [their] impairment(s) and, if so, whether this medical improvement is related to [their] ability to work." 20 C.F.R. § 416.994(b). Where medical improvement related to a benefits recipient's ability to work has occurred, in most cases, the Commissioner "must also show that [the recipient is] currently able to engage in substantial gainful activity before [finding the recipient is] no longer disabled." *Id.* Furthermore, medical improvement "is determined by a comparison of prior and current medical evidence which must show that there have been changes (improvement) in the symptoms, signs or laboratory findings associated with that impairment(s)." 20 C.F.R. § 416.994(b)(2)(i).

To determine whether a claimant's period of disability has ended, the Commissioner must engage in an eight-step analysis set forth in 20 C.F.R. § 416.994(b)(5). While the Second Circuit has not directly ruled on this issue, this District, along with other districts within the Second Circuit and other Circuit Courts, have held that the eight-step analysis should be applied in cases involving a closed period of disability. *See, e.g., Torres v.* Colvin, No. 1:16-CV-00625-HBS, 2018 WL 3301437, at *5 (W.D.N.Y. July 5, 2018); *Cook v. Colvin*, No. 13cv1946(TPG), 2015 WL 5155720, at *11 (S.D.N.Y. Sept. 2, 2015); *Nascimento v.* Colvin, 90 F. Supp. 3d 47 (E.D.N.Y. 2015), *King v. Astrue*, No. 10-CV-6219, 2012 WL 253411, at *5 (W.D.N.Y. Jan. 26, 2012); *cf. Waters v. Barnhart*, 276 F.3d 716, 719 (5th Cir. 2002) ("we follow the Tenth, Seventh, Eleventh, and Third Circuits in holding that the medical improvement standard applies to the cessation date in closed period cases"); *Shepherd v. Apfel*, 184 F.3d 1196, 1200 (10th Cir. 1999) ("applying the medical improvement standard to cases involving a closed period of disability is consistent with the language and legislative purpose in the Reform Act").

Step two of the eight-step analysis requires a finding of medical improvement. 20 C.F.R. § 416.994(b)(5). Under the 1984 Amendments to the Social Security Act, a determination that a claimant is no longer disabled may only be reached if it is supported by "substantial evidence which demonstrates that there has been any medical improvement in the individual's impairment or

7

combination of impairments." 42 U.S.C. § 423(f)(1)(A). Medical improvement is defined as "any decrease in the medical severity of [a claimant's] impairment(s) which [were] present at the time of the most recent favorable medical decision that [the claimant was] disabled or continued to be disabled." 20 C.F.R. § 416.994(b)(1)(i). A finding "that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs, or laboratory findings associated with your impairment(s)." *Id.* Notably, it is the Commissioner's burden to establish medical improvement. *McDowell v. Colvin*, No. 2:15-CV-87, 2016 WL 2347854, at *3 (D. Vt. May 4, 2016) ("The Commissioner has the burden of proving each step of the analysis under the medical improvement standard."); *see also King*, 2012 WL 253411, at *5 ("It is the Commissioner's burden to establish medical improvement.").

Here, the ALJ found there was medical improvement on August 22, 2014 and Plaintiff was no longer under a disability because oncology treatment notes indicated Plaintiff was doing well in her cancer recovery. T. 18. Specifically, the ALJ noted Plaintiff's examination did not reveal any palpable abnormalities and there were no signs of recurrence/malignancy; nor was there tenderness of the upper extremities bilaterally, Plaintiff's strength was 5/5 bilaterally and she had a full range of motion. *Id.* The Court finds, for the reasons discussed below, that this determination was not supported by substantial evidence.

8

**B. Lack of Opinion Evidence**

As an initial point, the Court notes no consultative examinations were performed in this matter and the only opinion evidence of record is a medical source statement completed by Plaintiff's treating oncologist, Dr. Vivian Linfield, on April 12, 2013 for the New York State Office of Temporary and Disability Assistance. T. 1012-17. Dr. Linfield's source statement referenced attached medical records detailing Plaintiff's treatment and left the functional assessment section completely blank. T. 1016.

In his decision, the ALJ stated that "[a]s for opinion evidence," he "relied on the opinions and extensive treatment records of Dr. Linfield", as well as the records of Plaintiff's reconstructive surgeon and clinical notes of her primary care provider. T. 17. However, the ALJ failed to explain what purported "opinions" by Dr. Linfield he was relying upon. Instead, to support his finding medical improvement occurred as of August 22, 2014, the ALJ relied on two followup oncology care treatment notes, dated April 21, 2014 and August 21, 2014. T. 18.

On August 21, 2014, Plaintiff was examined by Dr. Toan Nguyen for followup care of her bilateral total mastectomy. T. 1214-15, 1223-24. Dr. Nguyen noted Plaintiff was taking Anastrozole without significant side effects and had her mediport removed in February 2014. T. 1214. He reported Plaintiff was feeling well and had no new complaints at the time. *Id*. Upon examination, Plaintiff was in no acute distress and walked with a normal gait for her age. *Id*.

9

Plaintiff's upper extremities were normal to inspection bilaterally, with full range of motion. T. 1215. Dr. Nguyen noted Plaintiff was doing well with no signs of recurrence or malignancy, but short-term followup care was needed to ensure stability. *Id*.[1]

The ALJ also referred to an oncology progress note completed by physician assistant ("PA") James A. Miller on April 21, 2014. T. 18 *referring to* T. 1171-72. As the ALJ noted, this progress note revealed Plaintiff was having some discomfort with the tissue expanders put in as part of the breast reconstruction process, but overall, was doing well. T. 1171. Specifically, PA Miller noted Plaintiff was in no acute distress, with no cyanosis, clubbing, or edema on her extremities. T. 1172. PA Miller noted Plaintiff reported occasional shortness of breath when she vigorously exerts herself, but her shortness of breath did not stop her from activities of daily living. T. 1171.

The ALJ's reliance on two of Plaintiff's treatment notes to find medical improvement, in the absence of any supporting medical opinion, was erroneous. It is well-established that an ALJ may not base a medical improvement finding on his own "lay interpretation" of the medical evidence, "uncorroborated by a physician's opinion or assessment." *Torres*, 2018 WL 3301437, at *5. Here, as noted

---

[1] In his decision, the ALJ incorrectly referred to Dr. Nguyen's August 21, 2014 treatment note as being a treatment note from Dr. Linfield. *See* T. 18. On review, the Court notes the treatment note was erroneously classified as a medical record from Dr. Linfield when it was submitted to the record. *See* T. 1213. Regardless of this error, the treatment note indicates Plaintiff was doing well with her recovery from a bilateral total mastectomy on August 21, 2014.

10

above, no physician offered any opinion regarding a change in Plaintiff's functioning as of August 22, 2014, and the ALJ relied solely on his own lay reading of Plaintiff's treatment notes to support his conclusions. This was error and necessitates remand. *See id.* (because the ALJ's determination of medical improvement was "procedurally defective," it was necessary to remand for further administrative proceedings). The ALJ's conclusory statement that he had relied on unspecified "opinions" of Dr. Linfield does not change the Court's determination. As noted above, neither Dr. Linfield nor any other physician submitted an opinion that the ALJ could have reasonably relied upon supporting his conclusions.

### C. Failure to Consider Additional Impairments

The Court also finds that the ALJ erred in not considering the medical impact of Plaintiff's impairments other than breast cancer in considering whether she had experienced medical improvement. While the treatment records relied upon by the ALJ do indicate Plaintiff experienced some improvement in regards to her breast cancer diagnosis and subsequent bilateral mastectomies and chemotherapy, they in no way demonstrate Plaintiff experienced medical improvement of her carpal tunnel syndrome or other diagnosed impairments, including sensory motor neuropathy and rheumatoid arthritis. In fact, a review of Plaintiff's treatment notes from her primary care office and Plaintiff's hearing testimony indicates Plaintiff continued to experience substantial pain and limitations as a result of her joint pain and rheumatoid

11

arthritis. Specifically, in the most recent primary care treatment notes of record, Plaintiff's treating nurse practitioner ("NP") Ricardo Melendez noted on June 4, 2014, that upon examination, Plaintiff had lower back pain with range of motion and palpation with radiation to both legs. T. 1187. The same musculoskeletal examination findings were noted on a May 7, 2014 treatment note. T. 1191. Both treatment notes include references to Plaintiff's elevated rheumatoid factor. T. 1188-89.

The ALJ found medical improvement based solely on his analysis of Plaintiff's oncology followup treatment notes. This does not constitute a comparison of the prior and current medical evidence regarding Plaintiff's rheumatoid arthritis and carpel tunnel syndrome and its related limitations, or a finding there had been "improvement(s) in the symptoms, signs or laboratory findings associated with that impairment(s)," as required by 20 C.F.R. § 416.994(b)(2)(i). The ALJ made no mention of whether Plaintiff's elevated rheumatoid factor was resolved nor that approximately two months prior to the August 21, 2014 treatment note which he relied on for his medical improvement finding, Plaintiff was complaining to her primary care provider, NP Melendez, of lower back pain with radiation to both legs. *See* T. 1187.

The ALJ based his medical improvement finding on his lay interpretation of two treatment notes, without meaningful analysis of the other evidence of record. An ALJ's conclusory statements that are not clearly supported by the referenced evidence do not

12

serve as substantial evidence to support a finding that a claimant is no longer disabled. *See Torres*, 2018 WL 3301437, at *5 (the entirety of the ALJ's discussion of plaintiff's medical improvement was contained in one paragraph, which did not constitute substantial evidence). Furthermore, when the record contains inconsistent evidence regarding a plaintiff's impairments, as it does here, a small sampling of treatment notes does not substantially support the finding of medical improvement. *See Carbone v. Astrue*, No. 08-CV-2376 NGG, 2010 WL 3398960, at *9 (E.D.N.Y. Aug. 26. 2010) (where the medical record contained inconsistencies concerning the number of seizures the claimant experienced, the court remanded the case to determine whether the claimant experienced medical improvement). Accordingly, the Court finds that the ALJ's determination that Plaintiff was no longer disabled as of August 22, 2014 was not supported by substantial evidence.

As a result of the ALJ's failure to support his finding of medical improvement with substantial evidence, remand of this matter is necessary. On remand, the ALJ should obtain updated medical opinions from Plaintiff's treating physicians or an opinion from a consultative physician, to properly determine whether Plaintiff experienced medical improvement.

## II. Plaintiff's Remaining Arguments

Plaintiff has also argued that the ALJ failed to properly evaluate whether Plaintiff's medically determinable impairments of

rheumatoid arthritis, sensory motor neuropathy, back pain, and femur fracture requiring surgery were severe, and further failed to properly evaluate Plaintiff's RFC. Having found remand necessary as explained above, the Court need not and does not address Plaintiff's remaining arguments.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Doc. 12) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Commissioner's opposing motion for judgement on the pleadings (Doc. 15) is denied. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca
_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated:   October 29, 2018
         Rochester, New York